UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Scott P., | |
|               Plaintiff, | Civil No. 3:22-cv-01228-SRU |
| v. | |
| Kilolo Kijakazi, Acting Commissioner of Social Security, | |
|               Defendant. | October 6, 2022 |

### ORDER RE: MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, Scott P.,[1] has moved for leave to proceed *in forma pauperis* – in other words, he has asked the Court for permission to start a civil case without paying the customary filing fee. A federal law permits him to do so if, among other things, he submits an affidavit listing his assets and showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a)(1).

To qualify for *in forma pauperis* status, plaintiff does not have to demonstrate absolute destitution, *see Potnick v. E. State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam), but he does need to show that "paying such fees would constitute a serious hardship." *Fiebelkorn v. U.S.*, 77 Fed. Cl. 59, 62 (2007). Put differently, a "sufficient" *in forma pauperis* application is one that demonstrates that plaintiff "cannot because of [her] poverty pay or give security for the costs and still be able to provide [her]self and [her] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

---

[1] Pursuant to Chief Judge Underhill's January 8, 2021 Standing Order, Plaintiff will be referred to solely by first name and last initial. *See* Standing Order Re: Social Security Cases, No. CTAO-21-01 (D. Conn. Jan. 8, 2021).

In determining whether a plaintiff's financial circumstances meet these standards, courts consider not only his or her personal resources, but also the resources of persons who support him. *See, e.g., Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table decision). In other words, "[w]here a litigant is supported or assisted by another person, the Court may consider that person's ability to pay the filing fee." *Pierre v. City of Rochester*, No. 16-cv-6428 CJS, 2018 WL 10072449, at *1 (W.D.N.Y. Dec. 13, 2018).

In this case, Plaintiff's motion for leave to proceed *in forma pauperis* was accompanied by a financial affidavit stating that he has not worked since 2015. (Doc. #2 at 3.) Other than receiving child support in the amount of $91 per week, he does not indicate that he receives any income or government benefits of any kind. (*Id.*) Nor does he indicate that he owns any assets. (*Id.* at 3-4.) He states he has a checking account balance of $9.36. (*Id.* at 4.) Further, he has listed "not applicable" for every category of monthly obligations and expenses. (*Id.*) He states, however, that he is obligated to pay child support at $91 per week, which is in direct conflict with his statement that he receives child support. (*Compare Id.* at 3 *and* 4.) As a result, the Court lacks any information on how he supports himself.

"When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status." *Dan M. v. Kijakazi*, No. 3:22-cv-00664 (SRU) (TOF), 2022 WL 2069112, at *2 (D. Conn. May 19, 2022) (citing *Amanda M. v. Kijakazi*, No. 3:22-cv-00353 (SRU) (TOF), 2022 WL 1395941,

at *1 (D. Conn. Apr. 29, 2022) ("Because no one can live on no income and no assets … these sorts of affidavits must be incomplete and, by extension, fail to support *in forma pauperis* status"); *Pierre*, 2018 WL 10072449, at *1 (denying motion for leave to proceed *in forma pauperis* when the plaintiff "claim[ed] that he ha[d] no assets and receive[d] no support from a spouse or from any other source," but "offer[ed] no explanation for how he survives day-to-day or how his monthly expenses are paid")).

The Court therefore orders that, by October 27, 2022, Plaintiff must either (a) pay the filing fee, or (b) submit a revised financial affidavit that fully and candidly explains how he supports himself – and, if he receives support from another person, provide a statement of that person's resources and ability to pay the filing fee. Should he choose to file a revised financial affidavit he will clarify whether he receives child support or is obligated to pay child support and will enter a specific dollar amount or zero to each category of obligations or expenses. Plaintiff is respectfully advised that, if he neither pays the filing fee nor obtains leave to proceed *in forma pauperis*, his case may be dismissed.

*/s/ Maria E. Garcia, USMJ*
Hon. Maria E. Garcia
United States Magistrate Judge